**E-FILED**
Monday, 29 September, 2008  10:46:15 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NATHAN LEE GREEN,
        Plaintiff,

vs.                                                  08-1239

JONATHAN R. WALLS, et al.
        Defendants.

## DISMISSAL ORDER ON MERIT REVIEW

This cause is before the court for merit review of the plaintiff's complaint.   The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Nathan Lee Green, has filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Western Correctional Center.  The plaintiff has named five defendants including Warden Jonathan R. Walls, Lieutenant Ashby, Nurse Fuqqua, Nurse Jane Doe and Officer John Doe.

Specifically, the plaintiff alleges that none of the defendants provided him medical care when he complained of chest pains on September 8, 2008.  Unfortunately, the plaintiff filed his lawsuit too soon.   It is clear from the face of the plaintiff's complaint that he has failed to exhaust administrative remedies for his claim.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.   42 U.S.C. §1997e(a).

The plaintiff states in his complaint that the grievance process is completed , but he hasn't "got an answer back yet concerning these matters." (Comp., p. 5)  Prisoners need not allege that they have exhausted administrative remedies because failure to exhaust is an affirmative defense.  However, "when the existence of a valid affirmative defense is so plain from the face of the plaintiff," the prisoner's complaint may be dismissed. *Walker v Thompson,* 288 F.3d 1005, 1010-11 (7th Cir. 2002); *see also Thomas v. Kalu,* 2007 WL 648312 at 2 (7th Cir. 2007).

It is clear the plaintiff did not exhaust his administrative remedies as required before he filed this lawsuit.  The plaintiff complains that his requests for medical attention were ignored on September 8, 2008.  His complaint is dated September 10, 2008 and was received in the clerk's office on September 18, 2008.  Clearly, the defendants were not given enough time to respond to

1

the plaintiff's grievance and the plaintiff could not have followed the procedures to appeal any adverse decision to the Administrative Review Board in this time period.  Therefore, the court must dismiss this case.

**IT IS THEREFORE ORDERED:**

1)      **The merit review hearing scheduled for October 22, 2008 is canceled and the writ is recalled.  The clerk is to notify the plaintiff and his place of residence.**

2)      **The plaintiff's complaint is dismissed for failure to exhaust administrative remedies as required.  42 U.S.C. §1997e(a)**.

3)      **All pending motions are denied as moot. [d/e 2]**

4)      **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

5)       **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

6)      **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

7)      **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this _29th_____ day of September, 2008.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2